UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DODD,

    Plaintiff,

v.                          CASE NO. 8:10-CV-1092-T-23TGW

CORPORATE DOES NOS. 1-100,
et al.,

    Defendants.
_____:

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. 1915 (Doc. 2). The plaintiff, Brian Dodd, seeks to prosecute a class action for harms he and others allegedly suffered while participants in a drug rehabilitation program operated by defendant Straight, Inc. (Doc. 1). Essentially the same claims were presented in another case that was recently denied with prejudice. This circumstance, as well as other substantive flaws, warrants dismissing this complaint with prejudice.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he or she is entitled to redress. However, even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff seemingly satisfies the indigency requirement, although his purported "attorney-in-fact," and not the plaintiff himself, appeared and signed the indigency affidavit (Doc. 2). Regardless, the plaintiff has not stated a viable claim.

This complaint is essentially the same as the plaintiff's complaint in case number 8:10-cv-21-T-23TGW, against the Semblers, the Sembler Company, Drug Free American Foundation, Inc., the City of Saint Petersburg, and Mary Anne Ford, all defendants here. That complaint was dismissed with prejudice on February 22, 2010 (Case No. 8:10-cv-21-T-23TGW, Doc. 10).

In that lawsuit, the plaintiff asserted allegations of "kidnapping [sic]..., peonage, [and] indentured slavery" in connection with his participation in the Straight, Inc., drug rehabilitation program (id., Doc. 9, p. 18). In this putative class action, he seeks to obtain relief on behalf of himself and others for the same harm. Thus, this complaint is based upon the allegations of slavery that were the predicate for the prior case. In light of this circumstance, this complaint is barred by the doctrine of res judicata. In Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 n. 5 (1979), the Supreme Court noted the established principle of res judicata that a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.

Where, as here, the prior decision was rendered by a federal court, federal principles of res judicata apply. Coachmen Industries, Inc. v. Royal Surplus Lines Ins. Co., 2007 WL 1837842 at *3 (M.D. Fla. 2007). Those principles require four elements to be satisfied: (1) there is a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, are identical in both suits, and (4) the same cause of action is involved in both cases. Id. at *4.

Those requirements are met here. Obviously, the prior decision was by a court of competent jurisdiction. Further, although the prior suit was dismissed with prejudice for failure to state a claim for relief, that dismissal constitutes a final judgment on the merits. NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990).

Also, the parties are identical, except that, in this suit, the plaintiff has added as defendants "Corporate Does," Andrew Charles Lalino, and Chris James Woods. These new defendants are properly considered to be in privity with the original defendants, since they have been alleged to be co-conspirators (see Doc. 1, ¶10). See Gambocz v. Yelencsics, 468 F.2d 837, 840-41 (3rd Cir. 1972); McLaughlin v. Bradlee, 599 F.Supp. 839, 842-48 (D.D.C. 1984), aff'd, 803 F.2d 1197 (D.C. Cir. 1986)(co-conspirators in privity for res judicata purposes).

Finally, the cause of action is the same since both cases are based upon treatment received at Straight, Inc. Thus, both suits arise out of the same nucleus of operative fact. See Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999), cert. denied, 530 U.S. 1223 (2000).

Since the elements of res judicata are present, this suit should be dismissed with prejudice. While, like last time, the suit contains numerous pleading flaws, the plaintiff should not be given a chance to amend, since, in light of the res judicata determination, any amendment would be futile.

There are other reasons why an amendment should not be permitted. The claim of conspiracy (and any related torts) would be barred by the statute of limitations. The complaint alleges that "[t]he practices of peonage at Straight ... continued into the mid 1990's" (Doc. 1, ¶52). The limitations period for torts is four years. Fla. Stat., §95.11(3). That period has long since expired. Although the plaintiff alleges he is entitled to equitable tolling, his allegations patently do not demonstrate the extraordinary circumstances that support that rare relief. See, e.g., Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

In addition, the plaintiff seeks to bring this suit as a class action. He makes the conclusory allegation that he will provide adequate representation to the class, which is a requirement for a class action. Rule 23(a)(4), F.R.Civ.P. The plaintiff's multiple pleading deficiencies in this case, as well as in the prior case, clearly establish that he would not be an

adequate representative. This is confirmed by the fact that the plaintiff was not able to execute the affidavit of indigency, but had to act through an attorney-in-fact (see Doc. 2). Notably, in the prior case, the plaintiff alleged that he suffers from Bipolar Disorder and Post-Traumatic Stress Disorder (Case No. 8:10-cv-21, Doc. 9, ¶6). An opportunity to re-plead will not make the plaintiff an adequate representative for this putative class action.

For the foregoing reasons, I recommend that the Motion to Proceed In Forma Pauperis (Doc. 2) be denied and that the case be dismissed with prejudice.

Respectfully submitted,

DATED: JUNE 28, 2010

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).